# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10-00163 |
| ) | Judge Trauger |
| [30] RONDARIUS WILLIAMSON ) | |
| [28] MONTEZ HALL ) | |
| [4] TIM ALLEN ) | |
| [8] KERRY PETTUS ) | |
| [27] KEAIRUS WILSON ) | |

## O R D E R

The above defendants have filed Motions to Sever Defendants (Docket Nos. 799, 811, 839, 858, 900[1]), to which the government has filed a Consolidated Response (Docket No. 992), and defendant Williamson has filed a Reply (Docket No. 1036). The motions are **DENIED**.

## Background

The 33-count Superseding Indictment in this case, filed on February 17, 2011, charges 32 defendants in connection with a wide-ranging RICO conspiracy to advance the purposes of the "Bloods" gang in the Middle District of Tennessee, alleging that the gang used the "Galaxy Star Drug Awwareness and Gang Prevention Center" in Nashville, Tennessee, as a cover for directing its gang activities, which included assault, robbery, drug trafficking and murder. (*See generally* Docket No. 397) The indictment further generally alleges that members of the Bloods

---

[1]Defendant Keairus Wilson's Motion to Sever Defendants has been filed, in the alternative, as Motion in Limine No. 3 (Docket No. 900). The government did not respond to this portion of Wilson's motion, as it has not responded to two earlier-filed motions in limine filed by this defendant (Docket Nos. 869, 871), presumably because the deadline for responding to motions in limine has been set for January 27, 2012 (Docket No. 612).

1

gang were required to protect the interests of the gang by, among other things, paying dues, enforcing gang rules, coordinating criminal activities, and "lying to law enforcement authorities." (*Id*. At 8-10) This court has already denied the Motion For Severance filed by defendants Brandon Prince and Shawn Howell, who were only charged in Count 19 of the Superseding Indictment with misprision of a felony. (Docket No. 615)

## Analysis

FEDERAL RULE OF CRIMINAL PROCEDURE 8(b) governs the joinder of defendants and states: "the indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Rule 8(b) is generally interpreted to require only a "logical interrelationship" between the acts and transactions alleged and the parties involved. *United States v. Lloyd*, 10 F.3d 1197, 1214-15 (6th Cir. 1993). Rule 8 is to be construed "in favor of joinder" and applied based upon the facts stated in the indictment; however, the district court has no discretion to deny a motion to sever in the event of misjoinder. *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982); *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997)

Even if all defendants are properly joined, the court still has discretion to sever or take other remedial action. Indeed, FEDERAL RULE OF CRIMINAL PROCEDURE 14 states that, "if the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires." The burden on the defendant to demonstrate the propriety of severance under Rule 14 is quite high; that is, there generally must be "a serious risk that a

joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," in order to justify the expense, inconvenience, and judicial uncertainty caused by multiple trials in the case of defendants who were properly joined under Rule 8(b). *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

All of the defendants above have been charged in the RICO conspiracy count (Count 1) and in Count 23, which charges a conspiracy to use/carry firearms during and in relation to crimes of violence. In addition, each of these five defendants is charged with multiple substantive offenses that relate back to overt acts alleged in Count 1. In RICO cases, joinder is proper when each defendant participated in the affairs of the same enterprise through the commission of the alleged predicate racketeering acts that relate to that same enterprise, even when the defendants are charged with different racketeering acts. What is required is that the acts are connected to the affairs of the enterprise. None of the potential prejudice alleged by the defendants in their motions rises to the level of "substantial," "undue," or "compelling" prejudice required to establish the right to a severance. *United States v. Lopez*, 309 F.3d.966, 971 (6th Cir. 2002). The potential for inconsistent defenses and the spillover effect of accumulated evidence is speculative and has not been established. The *Bruton* arguments made in these motions will be dealt with in a separate order addressing motions particularly addressed to the *Bruton* issues.

Given the strong interest in judicial economy and the standards in this Circuit, severance of defendants is not warranted in this case. However, in addition to proper instructions, the court intends to assist the jurors in their consideration of the evidence as to each count and each defendant by providing to them, in addition to notebooks in which to take notes, an outline of the specific charges against each defendant who proceeds to trial. This outline will be constructed

with the assistance of counsel for both the government and the defendants.

It is so **ORDERED**.

ENTER this 8th day of December 2011.

_____
ALETA A. TRAUGER
U.S. District Judge