UNITED STATES DISTRICT COURT
FOR THE MIDDEL DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEAIRUS WILSON,

    Petitioner,

VS.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 3:10-00163

RECEIVED
DEC 30 2019
US DISTRICT COURT
MID DIST TENN

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO THE FIRST STEP ACT AND
<u>18 U.S.C. § 3582(C)(1)(B)</u>

Come Now, Keairus Wilson, in pro se, Who respectfully request that this Honorable Court grant him a reduction of sentence, Pursuant to the First Step Act, which provides "express [] premi[ssion]" and that Section 404(a) motion are most naturally interpreted as motions brought under Section § 3582(C)(1)(B).

STATEMENT OF FACTS

Count(1) Conspiracy to participate in Racketeering Activity - 18 U.S.C. § 1962(d); Murder in aid of Racketeering; 18 U.S.C. § 1959(b)(1) and 1961(1), 841, and 846, 1951; (3) Uae and carry of a firearm during and in relation to a crime of violance, 18 U.S.C. § 924(c) and 2; (4) Murder resulting during and in relation to crime of violnce, 18 U.S.C. § 924(j) and 2; (5) Use and carry of a firearm ruring and in relation to a crime of violnce 18 U.S.C. § 924(c) and 2; (6) Murder in aid of racketeering, 18 U.S.C. 1959(a)(1) and 2; (7) use and carry of a firearm during and in relation to a

a crime of violence, 18 U.S.C. § 924(c) and 2; (8) Murder resulting during and in releation to a crine of violnce, 18 U.S.C. § 924(j) and 2; (9) Possession with intent to distribute cocaine base, 21 U.S.C. 841(a)(1), 841(b)(1)(B) and 2; (10) use and carry of a firearm during and in relation to a crime of violnce, 18 U.S.C. § 924£2· and 2; £11· Murder in the aid of racketeering, 18 U.S.C. § 1959(a)(1) and 2; (12) use and carry of a firearm during and in relation to a crime of violnce, 18 U.S.C. § 924(c) and 2; (13) Murder resulting during and in relation to a crimr of violnce, 18 U.S.C 924(j) and 2; (14) Distribution and possession with intent to distribute cocaine base, 21 U.S.C. 841(a)(1), 841(b)(1)(C) and 2; (15) use and carry of a firearm during and in rel ation t to a crime of violnce, 18 U.S.C. 924(c) and 2; (27) Conspiracy to use and carry a fiream during and in relation to a crime of violnce, 18 U.S.C 924(o) and 2.

Mr. Wilson was sentenced on 9/10/2012, " I have "no choice" but to sentence the defendant to LIFE and consecutive time after that. Count 1, 2, 4, 6, and 20 years on count 27 all of those counts to run concurrently with each other, then on cpunt 3, 10 years consecutive, which is a minimum mandatory to the other counts and on count 7, 25 years consecutive.

Mr. Wilson was convicted of a covered offense, under 841, 846, and 841(b)(1)(B). The vast majoritty of courts have held that it is the statute of convition, not catual conduct, that determines elegibility, under section 404(a), which reduced the statutory penalties. Mr. Wilson is in fact eligible for a reduction under plain language of the First Step Act because he was convicted of a covered offense.

## THR FIRST STEP ACT OF 2018

Section 404 of the First Step Act of 2018 ... Permits a district court to reduce a sentence based on the lower <u>Statutory</u> Sentencing range of the Fair Sentencing Act of 2010. <u>United States v. Whittaker</u>, No. 19-7014, 2019 WL 3381788, at *1 (10th Cir. July 2019)(unpublished disposition). Retroactive sentencing relief is available under the Act only if the defendant was sentenced for violating "a Federal Criminal Statute, the Statutory penalities for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." Pub. L. No. 115-391 § 404(a), 132 Stat. 5194, 5222. Section 2 of the Fair Sentencing Act amended 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) by increasing "the drug amounts triggering mandatory minimums for crack [cocaine] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum [mandatory sentence] and from 50 grams to 280 grams in respect to the 10-year minimum"

In relevant part section 841(a) in cases involving 50 grams or more of cocaine base:

> Shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ... If any person commit a violation of this subparagraph or of section 849, 859, 860 or 861 of this title after two (2) or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a <u>mandatory term of life imprisonment without release</u> ... [A]ny sentence under this subparagraph shall ... If there was such a prior conviction, imposed a term of Supervised release of at least 10 years in addition to such term of imprisonment. 21 U.S.C. 841(b)(1)(A).

> The Fair Sentencing Act increased the threshold
> amount of cocaine base to trgger the 10-year
> mandatory minimum sentence in Section 841(b)(1)(A)
> for 50 grams to 280.

Prior to the Fair Sentencing Act Section 841(b)(1)(B) provided, in relevant part, that any person who violates section 841(a) in a case involving 5 grams or more of cocaine base:

> Shall be sentenced to a term of imprisonment which
> may not be less than 5 years and not more than 40
> years ... If any person commits such a violation
> after a prior conviction for a felony drug offense
> has become final, such person shall be sentenced to
> a term of imprisonment which may not be less than
> 10 years and not more than life imprisonment ...
> [A]ny sentence imposed under this subparagraph shall
> ... If there was such a prior conviction, include a
> term of Supervised release of at least 8 years in
> addition to such term of imprisonment. 21 U.S.C. §
> 841(b)(1)(B). The Fair Sentencing Act increased the
> threshold amount of cocaine base to trigger the 5-
> year mandatory minimum sentence in Section 841(b)(1)
> (B) from 5 grams to 28 grams.

Finally, prior to the Fair Sentencing Act, Section 841(b)(1)(C) provided, in relevant part, that in cases involving a Schedule II controlled Substance,

> Such person shall be sentenced to a term of not
> more than 20 years ... ,( with no mandatory minimum),
> If any person commit such a violation after a prior
> conviction for a felony drug offense that has become
> final, such person shall be sentenced to a term of
> imprisonment of not more than 30 years ... and shall
> if there was such a prior conviction, imposed a term
> of Supervised release of at least 6 years in addition
> to such term of imprisonment. 21 U.S.C. § 841(b)(1)(C)

## DEFINITION OF COVERED OFFENSE

On December 21, 2018, the President signed the First Step Act of 2018, Pub. L. 115, into law. Section 404 of the Act gives retroactive effect to the changes made by sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "Covered Offense" as "a violation of a <u>Federal Criminal Statute</u>, the Statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, Section 404(a) defines <u>Covered Offese</u> as:

> (a) Definition of Covered Offense-in this section, the term "covered offense" means a violation of a Federal Criminal Statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010..
>
> (b) Defendants previously sentenced- A court that imposed a sentenced for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the Attorney for the Government, or the court, imposed a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the "<u>Covered Offense was committed</u>.
>
> (c) Limitations- No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or prviously reduced in accordance with amendmants made by section 2 and 3 of the Fair Sentencing Act or if a prvious motion under this section to reduce the sentence was, after the date of enactnent of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant this section.ld.

The First Step Act also amended 21 U.S.C. § 841(b)(1)(A)

by changing the type of prior convictions that trigger a mandatory penalty from one or more prior convictions for "felony drug offense[s]" to one or more "serious drug offense[s]." id. § 401(a)(1). Additionally, the First Step Act changed the mandatory minimum sentence for defendants who had two or more prior convictions from life imprisonment to 25 years imprisonment id. However, this portion of the First Step Act was not made retroactive to defendants who were sentenced before the Act's enactment on December 21, 2019, See id. § 401(c).

Except as otherwise provided in section 859, 860, or 862 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

> (b)(1)(A) in the case of a violation of subsection (a) of this section involving ...
> (such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of the authorized in accordance with the provisions of Title 18, or $10,000,000 if the defendant is an individual or $50,000,000 if the defendant is other than an individual, or both.
> (ii) 5 Kilograms or more of a mixture or substance containing a detectable amount of-
> (II) Cocaine, its salts, optical and geometric isomers
> ...Id. (emphasis added).

The First Step Act also amanded 21 U.S.C. § 841(b)(1)(A) by changing the type of prior convictions that trigger a mandatory penalty from <u>one or more prior convcitions for "felony drug offense[s]" to one or more "serious drug offense[s]." Id.§ 401(a)</u>

(1), Additionally, the First Step Act changed the mandatory minimum sentence for defendants who had two or more such prior convictions from Life imprisonment to 25 years imprisonment. Id. However, this portion of the First Step Act was not made retroactive to defenfandants who were sentenced before the Act's enactment on December 21, 2018. See id. § 401(C).

Most court are construe motions under 404 of the First Step Act, not under 18 U.S.C. § 3582(c)(1)(C), but under 18 U.S.C. § 3582(C)(1)(B), which states;

> That a Court is premitted to modify an imposed term of imprisonment only "to the extent ... Expressly premitted by a Statute").

It should be noted that the First Step Act used trem Clarification meaning that Congress did not rewrite the statute it simply told us what the statute has always ment and how it was ment to be applied to the statutes and the meaning of " Covered Offense".

The First Step Act of 2018 amended 18 U.S.C. § 3582(C)(1)(A) to allow district courts to modify sentences of imprisonment upon motion by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such a request by the warden of the defendant's faciilty. whichever is earlier ... § 603(b), 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(C)(1)(A)) This section authorizes the modification of a sentence of imprisonment if "extraordinary and compelling reasons warrant such reduction" and "such reduction is consistent with applicable policy statements issued by the Sentencing

Commission," as set out in United States Sentencing Guidelines § 1B1.13.

Mr. wilson further contends that in <u>United States v. Anderson</u>, 2019 WL 4440088 (1) S.Ct. Sept 17, 2019), that when sentences for mix of covered and non-covered offenses were imposed as part of a single sentencing package, the First Step Act authroizes the Court to reduce sentence on non-covered offenses that were imposed as part of that sentencing package.

Essentially because the court originally fashisoned a sentence as a whole for all the convictions, Mr. Wilson is eligible (based on his conviction under 841(b)(1)(B)), under the First Step Act, meaning this Court has the authority to unbundle the sentence and impose a reduced sentenc on all counts.

Mr. Wilson was convicted of conspiracy to distribute and possess cocaine Base, in violation of 21 U.S.C. § 841(b)(1)(B) and 846, if one of those offenses is a covered offense then resentencing is permissible on all counts.

Wherefore, Mr. Wilson parys that this Honorable Court will grant his motion for a reduction of sentence.

Dated Decamber 19, 2019

                                          Respectfully Submitted
                                          */s/ Keairus Wilson*
                                          Keairus Wilson

# PROOF OF SERVICE

I certify that on 12-19-19 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below:**

Office Of The Clerk
801 Broadway
Nashville, TN 37203

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _____ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Marcos Wilson_
Signature

Dated: 12-19-19

Rev. 04/2015

MEIKO WILSON #30679075
P.O. Box 3000
UNITED STATES PENITENTIARY
CANAAN, WAYMART PA 17887

Mailed From US Penitentiary

LEGAL

2019 DEC 23 PM 12:04

⇔20679-075⇔
Office Of The Clerk
801 Broadway
Nashville, TN 37203
United States

RECEIVED
DEC 30 2019
US DISTRICT COURT
MID DIST TENN