IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:10-cr-00163-27 |
| v. ) | |
| ) | JUDGE TRAUGER |
| KEAIRUS WILSON ) | |

**MEMORANDUM AND ORDER**

The defendant was convicted of six counts: two counts of murder in aid of racketeering, two counts of murder resulting from the use and carry of a firearm during and in relation to a crime of violence, one count of conspiracy to participate in a racketeering activity, and one count of conspiracy to use and carry firearms during and in relation to crimes of violence. (Doc. No. 2121 at 1–2.) He was sentenced to five terms of life in prison and one term of twenty years, all to run concurrently. (*Id.* at 3.) He has now filed a pro se "Motion for Reduction of Sentence Pursuant to the First Step Act and 18 U.S.C. 3582(c)(1)(B)." (Doc. No. 2506.) At the court's direction, counsel for the defendant filed a notice regarding whether the defendant is entitled to relief (Doc. No. 2533), and the government responded in opposition to relief. (Doc. No. 2551.)

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(1)(B), which permits a modification "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35 provides for modification only for clear error raised within 14 days of sentencing or upon the government's motion establishing Defendant's substantial assistance. Fed. R. Crim P. 35(a) and (b). It clearly does not apply to this case.

Instead, the defendant relies on a statute as the basis for his relief—specifically, he asserts that Section 404(a) of the First Step Act of 2018 warrants a reduction in his sentence. (Doc. No. 2506.) The government's response accurately summarizes the effect of that legislation:

> Section 404 of the First Step Act, passed in 2018, made retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010, which changed the minimum amounts of cocaine base necessary to trigger mandatory minimum terms of imprisonment under 21 U.S.C. § 841(b)(1), and eliminated a mandatory minimum for possession of cocaine base in 21 U.S.C. § 844. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018); Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010).

(Doc. No. 2251 at 1.) This provision of the First Step Act is thus limited to sentences for certain drug offenses.

In his pro se motion, the defendant asserts without citation that he "was convicted of conspiracy to distribute and possess cocaine Base." (Doc. No. 2506 at 8.) That assertion is simply false, as counsel acknowledged in his notice on behalf of the defendant. (Doc. No. 2533 at 1 (observing that "Wilson was sentenced on several counts, none of which appear to have been for trafficking crack cocaine"). The defendant's motion is, therefore, baseless.

Accordingly, the defendant's pending motion (Doc. No. 2506) has no merit and is hereby **DENIED**.[1]

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[1] The court is aware that the defendant also has a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 pending in a separate case. *Wilson v. U.S.*, No. 3:18-cv-00735. That matter was only recently fully briefed and will be addressed by separate order in due course.

2